UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 10-10130-RGS

UNITED STATES

v.

RAMON DEJESUS

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

February 17, 2011

STEARNS, D.J.

On April 21, 2010, a grand jury indicted defendant Ramon DeJesus for illegal reentry of the United States after deportation, in violation of 8 U.S.C. § 1326. DeJesus filed this motion to dismiss on January 24, 2011, asserting that the indictment was brought after the statute of limitations had expired; according to DeJesus, he had previously been "found" in the United States in December of 1997, well more than five years preceding the instant indictment. The government filed its opposition to the motion on February 8, 2011, contending that it had no actual knowledge of DeJesus's renewed presence in the United States prior to his being arrested in March of 2010.

BACKGROUND

In January of 1991, DeJesus entered the United States as a lawful permanent

resident. On April 15, 1996, he was convicted in the State of New York for attempted sale of a controlled substance. As a consequence, he was deported from the United States on December 11, 1996. At some point prior to December 19, 1997, DeJesus returned to the United States without the permission of the United States Attorney General (as then required).

On December 19, 1997, a Complaint issued in the Eastern District of Kentucky against four defendants, including a "Joseph DeJesus," for the sale of cocaine. "Joseph DeJesus" was arrested and fingerprinted. DeJesus now admits that he and "Joseph DeJesus" are the same parson. DeJesus was arrested by Lawrence police on March 23, 2010, following a routine traffic stop. ICE agents were notified and took DeJesus into federal custody.

## DISCUSSION

DeJesus argues that the statute of limitations began running in December of 1997, following his arrest and fingerprinting under the name "Joseph DeJesus." He maintains that the government was at that point on notice of his having been "found" in the United States. The government argues that because DeJesus was using a false name, it had no reason to know his true identity at the time of his arrest in Kentucky, and only learned that the real Ramon DeJesus had returned to the United States after he was arrested by Lawrence police.

"[A] deported alien who illegally reenters and remains in the United States can violate [8 U.S.C. § 1326] at three different points in time: when he 'enters,' 'attempts to enter,' or when he 'is at any time found in' this country." *United States v. Cuevas*, 75 F.3d 778, 784 (1st Cir. 1996), quoting 8 U.S.C. § 1326(a)(2). An alien is "found in" the United States when he is discovered by immigration authorities, and the offense attaches at the "moment he [is] 'found.'" *United States v. DeLeon,* 444 F.3d 41, 52 (1st Cir. 2006); *United States v. Rodriguez*, 26 F.3d 4, 8 (1st Cir. 1994); *see also United States v. Soriano-Hernandez,* 310 F.3d 1099, 1105 (8th Cir. 2002) (determining that although the defendant had been previously arrested and fingerprinted under aliases, the statute of limitations did not begin to run until INS became aware of his true identity); *United States v. Acevedo*, 229 F.3d 350, 356 (2d Cir. 2000) (finding the statute of limitations did not begin to run until INS became aware of the defendant's presence in the United States); *United States v. Gomez*, 38 F.3d 1031, 1035, 1036 (8th Cir. 1994) (finding that "a 'found in' violation is a continuing violation that is not complete until the alien is 'discovered' by immigration authorities" – the court also determined that "this aspect of discovery requires linking" the two identities, which occurs only when the two identities are "discovered to be the same person." ).

The court finds this unbroken line of cases controlling. Although "the crime of illegal re-entry is subject to a five-year statute of limitations," *DeLeon*, 444 F.3d at 51,

"there can be no finding of lack of diligence where it is deception by the alien as to his identity that has caused the government not to have knowledge of his presence." *Id.* at 52; *see also United States v. Mercedes*, 287 F.3d 47, 54-55 (2d Cir. 2002) (finding the statute of limitations did not begin to run until defendant was found by INS, even when the defendant had been previously arrested under an alias, his fingerprints were taken and "a 'rap' sheet was generated").

DeJesus offers only speculation that the government had actual knowledge that he had returned to the United States in 1997. No evidence has been produced or even suggested to corroborate what is at best a self-serving surmise on DeJesus's part. DeJesus acknowledges in his motion papers that neither the NCIC Record nor any other available government document indicates that a match between DeJesus's alias and his true identity had been made prior to 2010.

### ORDER

For the foregoing reasons, defendant's Motion to Dismiss is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE